HARRISON WAGON CO. *v.* BROWN.

EVIDENCE—WRITTEN CONTRACT—SALES—PAROL EVIDENCE.

> Where a contract establishing an agency for the sale of wagons contains an order for wagons "complete," and which refers to them as to be shipped, and it appears that it was intended that certain wagons in the hands of a prior agent in the same place were to be turned over to the buyer, the buyer's claim, when sued for the price, that the wagons were to be placed in merchantable condition and that the seller had not performed, should be submitted to the jury, it being apparent that the contract did not contain the entire agreement.

Error to Shiawassee; Smith, J. Submitted February 13, 1906. (Docket No. 137.) Decided September 20, 1906.

Assumpsit by the Harrison Wagon Company against Fred Brown for goods sold and delivered. There was judgment for plaintiff, and defendant brings error. Reversed.

*A. L. Chandler* and *F. J. Northway*, for appellant.

*E. S. Atherton*, for appellee.

MOORE, J. Plaintiff sued defendant to recover a balance of $351.42 which it claims was due it for goods consigned to defendant who was acting as its agent, which goods had been in his possession more than 12 months before a draft was made upon him, payment of which was refused. From a judgment in favor of the plaintiff, the case is brought here by writ of error.

The record is quite long. It contains more than 100 assignments of error. The index is faulty. The record shows that counsel and court were in almost constant dispute and many things occurred between them which ought not to have occurred. The counsel was provoking

and the judge was evidently ill and irritable. For reasons we shall state hereafter we think the case must be reversed. We.shall not attempt to discuss all the assignments of error for by the least effort upon the part of counsel there is not likely to again occur the conditions of which he complains.

It is the claim of plaintiff that it made a contract in writing with defendant, the material parts of which are as follows:

"This agreement entered into the 17th day of March, 1903, between the Harrison Wagon Company of the city of Grand Rapids, Kent county, Michigan, party of the first part, and Fred Brown of Durand, State of Michigan, party of the second part, witnesseth as follows:

"*First*. The party of the first part has appointed and does now appoint the party of the second part to act as their agent for the sale of their wagons in Durand and Vernon and vicinity, State of Michigan.

"*Second*. The party of the second part hereby undertakes and accepts the said agency and agrees to the following conditions, viz.:  *  *  *  Will so conduct the business that the time of final payment at Grand Rapids shall not exceed twelve months from date of shipment, will transmit to the office of the party of the first part the proceeds of each cash sale or part cash sale on the day that the sale is made or by the first mail thereafter, and further, on the last day of every month will make out an account of sales for the current month,  *  *  *  and at any time after twelve months from date of shipment to pay cash for balance of consignment unpaid if so required by party of the first part, but nothing herein shall be construed as amounting to a positive sale without said requirements, and that during the continuance of this lease they will sell no other wagon than the Harrison wagon.

"This order and contract constitute the only agreement made in relation thereto, verbal statements contrary notwithstanding.

"DURAND, MICHIGAN, March 17th, 1903.
"HARRISON WAGON COMPANY,
        "Grand Rapids, Michigan.
"Please charge me on the 17th day of March, 1903, or as soon thereafter as practicable, Grand Rapids, Michigan, the following wagons complete with double boxes,

steel spring seat, whiffletrees and neck yoke, stay chains, side steps and braces, patent rub iron and name on boxes.

\*   \*   \*

"Above goods to be delivered free from freight or expenses.    Please send 75 fence signs free and printed matter.    Freight allowed in car loads only in future shipments. The above to be delivered free on board cars at Grand Rapids, Michigan, and to be settled for according to contract and terms on the opposite side of this sheet.    50 cents allowed for reshipping wagons.    This order and contract given subject to our approval.    And nothing but your written acceptance can be considered binding on you to fill the same.

          "For HARRISON WAGON COMPANY,
                    "By B. W. CHASE, Agent.
                    "FRED BROWN, Signer."

It is the claim of plaintiff that at this time it had the goods for which this suit is brought in the hands of Shaw & Cole at Durand, and that they were then turned over to the defendant and that they had a right to treat them as a shipment then made and to exercise their option 12 months later to treat them as the goods of defendant and to require him to pay for them in full.    It was the claim of the defendant that the goods at Durand were not complete wagons; that they had been exposed to the weather and were not merchantable; that they had wheels not adapted to the market at Durand, that before they were to be regarded as goods coming within the contract they were to be made as good as new.    It was his further claim that these goods were never put in order and never came within the terms of the contract; that he had settlements from time to time with the company, when it agreed to ship these goods somewhere else.    It is his further claim that he had a settlement with the company indicated by the following paper:

          "GRAND RAPIDS, MICHIGAN, November 4, 1904.
"Mr. FRED BROWN,
          "Durand, Michigan,
                    "To Harrison Wagon Co., Dr.

"1904

| | | | |
|---|---|---|---|
| Nov. 4. | To balance rendered | $551 | 40 |
| | Contra. | | |
| Nov. 10. | By 4–3 GW RY 3, 40.80 | 163 | 20 |
| | * * * | * * * | |
| | By goods on hand | 351 | 42 |
| | By notes on account | 194 | 00 |
| | | 5 | 69 |
| | | | 29 |
| | | | |
| | | $551 | 40 |

"Settlement made and notes and cash received by B. W. Chase, Agent."

—And that at this time it was agreed the company would take back the goods then on hand. He gave or offered to give testimony tending to establish his several claims.

The circuit judge charged the jury in part as follows:

"I charge you that the talk between Mr. Chase, agent of said plaintiff, and Mr. Brown, about shipping some goods to Flushing or Vernon, unless said goods were shipped since November 10, 1904, the date of the last settlement, said conversation is immaterial and should not be considered by you.

"I charge you that the goods delivered to Brown from the Shaw & Cole stock would be considered and come under the contract the same as though they were shipped from Grand Rapids."

He declined to give the following requests:

"In this cause I charge you that if the plaintiff between the 17th of March, 1903, and the date of the beginning of this suit, upon a sufficient consideration, agreed with the defendant to take back the goods mentioned in plaintiff's bill of particulars or any part thereof and either replace them with other goods or ship such goods away, and the defendant by reason of such agreement has in good faith acted upon such agreement and been misled or injured by reason of such agreement of the plaintiff, then the plaintiff is estopped in this suit from denying such agreement and could not sue for the goods which the plaintiff had agreed to take back or take away."

"In this cause if you find from the evidence that the plaintiff agreed to furnish new, salable, and complete

wagon gears and parts of wagons mentioned in plaintiff's bill of particulars and that those furnished by the plaintiff, instead, were unpainted, imperfect, broken, and unsalable, then the plaintiff cannot recover in this action for the goods which it had agreed to furnish and did not, and if defendant received said second-hand, unpainted, and unsalable goods upon such order, he, the defendant, would not be bound to pay any more for the goods received than what such goods would be fairly and reasonably worth in the market."

A reference to the contract and to the receipt signed by the defendant will fail to show that anything was said about goods that day delivered to defendant which had previously been shipped to Shaw & Cole.    It will also be observed that in the so-called order it is said:

" HARRISON WAGON COMPANY,
                " Grand Rapids, Michigan.
" Please charge me on the 17th day of March, 1903, or as soon thereafter as practicable, with the following wagons complete," etc.

If the wagons were then complete, and to be then charged to defendant, it is difficult to see the need of using this language.    It is, to say the least, consistent with the claim of defendant that these wagons were to be made merchantable before they became chargeable to him.    It is quite apparent that the two papers do not contain all of the agreement.    Strictly speaking, they refer to goods to be shipped.    The option in the contract which it is claimed was exercised refers to goods " at any time after twelve months after date of shipment;" as a matter of fact the goods for which this suit is brought were shipped a long time before the contract was made.    It is apparent that without oral testimony supplying what was omitted in the contract plaintiff could not make a case.    We think the defenses claimed by defendant should have been submitted to the jury.

Judgment is reversed, and new trial ordered.

MCALVAY, GRANT, BLAIR, and MONTGOMERY, JJ., concurred.